[No. 13842–1–I.   Division One.   May 1, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. SCOTT ANTHONY SMITH, *Appellant.*

*Elizabeth K. Selleck* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dean S. Lum, Deputy,* for respondent.

CORBETT, C.J.—Scott Anthony Smith, a juvenile, appeals his order of disposition for two counts of second degree burglary. We affirm.

Smith pleaded guilty to two counts of second degree burglary committed on April 21 and April 24, 1983. Smith's previous convictions included two for taking a motor vehicle without permission of the owner which occurred on August 19, 1981, and February 14, 1982, respectively, and two for second degree burglary which occurred on February 26, 1982, and April 11, 1982, respectively. A single disposition order for these four offenses was entered against Smith on July 26, 1982. Smith assigns error to the court's consideration of the prior disposition order as constituting four prior convictions.

A juvenile disposition standards commission determines the standard range of disposition based on the age of the juvenile, the nature of the instant offense, and the history and seriousness of previous offenses. RCW 13.40.030(1)(a). This statute does not use the term "criminal history," but the term is implicit in its reference to "the history and seriousness of previous offenses." Thus, the commission utilizes the juvenile's criminal history as one factor in determining the standard range.

"Criminal history" includes all criminal complaints against the juvenile occurring prior to the current offense. However, if the juvenile was convicted of two or more charges *arising out of the same course of conduct,* only the highest charge will be counted as an offense.[1] For comput-

---

[1] RCW 13.40.020(6)(a) provides:

ing the standard range, the statutory definition of "criminal history" does not address multiple convictions obtained on the same day for offenses *not* arising out of the same course of conduct. Smith does not contend that his prior convictions arose out of the same course of conduct. Therefore, the court properly applied JuCR 7.12(c)(2).[2]

The fact that a juvenile's prior convictions were obtained on the same day is not determinative of the criminal history and its effect upon the standard range when the convictions do not arise out of the same course of conduct. *See State v. Adcock,* 36 Wn. App. 699, 703–06, 676 P.2d 1040 (1984). The court did not err by considering each of Smith's previous offenses in its determination of Smith's criminal history.

Affirmed.

COLEMAN and GROSSE, JJ., concur.

---

"(6) 'Criminal history' includes all criminal complaints against the respondent for which, prior to the commission of a current offense:

"(a) The allegations were found correct by a court. If a respondent is convicted of two or more charges arising out of the same course of conduct, only the highest charge from among these shall count as an offense for the purposes of this chapter; or"

[2] "**Criminal History.** In determining the standard range of disposition for a juvenile, the following shall constitute the juvenile's criminal history pursuant to RCW 13.40.020(6): . . .

"(2) A conviction by a juvenile court or a plea of guilty made on or after July 1, 1978." JuCR 7.12(c).